UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06880-AYP Date: November 24, 2026

Title Angelica Cristina Carrasco Belasquez v. Warden, Adelanto ICE Processing Center et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| n/a | n/a |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)**

On November 16, 2026, Angelica Cristina Carrasco Belasquez (A#215-605-377) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1). Petitioner seeks immediate release, asserting that her sudden re-detention on November 12, 2026—absent notice or a pre-deprivation hearing at which she could challenge the reasons for her re-detention—violates Fifth Amendment Due Process.

On November 16, 2026, Petitioner consented to proceed before the Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 3.) On November 16, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 5.) To date, Respondents have failed to appear, and have not filed an answer or otherwise communicated with

the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Court ORDERS that the Petition be GRANTED, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-detention absent adequate pre-deprivation notice and an individualized hearing.

Petitioner asserts that she is a is a 36-year-old native and citizen of Venezuela. (Dkt. No. 6 at 6.) Petitioner represents that she was lawfully admitted to the United States at Newark, New Jersey, on May 7, 2017, as a B-2 visitor, and was authorized to remain until June 4, 2017. *Id.* Petitioner contends that she applied for asylum with U.S. Citizenship and Immigration Services ("USCIS") on July 17, 2018. *Id.* Petitioner asserts that the Department of Homeland Security ("DHS") issued a Notice to Appear on September 11, 2018, and filed it with the Los Angeles Immigration Court, where Petitioner's case proceeded on the non-detained docket. *Id.* Petitioner represents that DHS did not detain her, that she attended all required immigration hearings, and that in the more than eight (8) years of her residence in the United States, ICE never required her to report for check-ins. *Id.*

Petitioner contends that on April 4, 2022, the immigration judge ("IJ") administratively closed her removal proceedings. (Dkt. No. 6 at 6.) Petitioner asserts that on July 16, 2025, DHS filed a Motion to Recalendar Administratively Closed Proceedings in Petitioner's case. (Dkt. No. 6 at 7.) Petitioner asserts that the IJ never ruled on the motion, and her 2018 removal proceedings remain administratively

closed and pending. *Id.*

Petitioner asserts that she flew into Los Angeles International Airport on November 12, 2026. (Dkt. No. 6 at 7.) Petitioner contends that on that same date, ICE officers arrested her and took her into immigration custody. *Id.* Petitioner represents that the ICE officers informed her that she had overstayed her visa. *Id.* Petitioner assets that before her arrest, she received no notice and no opportunity to be heard as to whether her detention was warranted. *Id.* Petitioner represents that she has not had a custody redetermination hearing since the time of her arrest. *Id.* Petitioner remains in custody at the ICE Adelanto Processing Facility as of the filing of the Petition. (Dkt. No. 1.)

Petitioner has a protected due process interest in being released, as she has lived in the country for approximately eight (8) years and the government has permitted her to remain at liberty since the time of her entry into the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06880-AYP Date: November 24, 2026

Title Angelica Cristina Carrasco Belasquez v. Warden, Adelanto ICE Processing Center et al

safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, she has complied with the terms of her release, and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner is entitled to relief on her procedural due process claim, and immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Angelica Cristina Carrasco Belasquez (A#215-605-377) from immigration custody immediately.

**Respondents** shall return to Petitioner any of Petitioner's personal belongings that were seized from her, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to her current detention. Respondents shall file a "Notice

of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp